KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roy M. Uriarte, | ) | No. CV 06-034-PHX-DGC (CRP) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Maricopa County Sheriff's Office, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On January 4, 2006, Plaintiff Roy M. Uriarte, presently confined in the Maricopa County Estrella Jail, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed").

This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant Arpaio to answer the Complaint.

**Application to Proceed In Forma Pauperis and Filing Fee**

Plaintiff's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action.

Plaintiff will not be assessed an initial partial filing fee. However, Plaintiff will be

**TERMPSREF**

obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account.  The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within one hundred twenty (120) days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one hundred twenty (120) days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**Statutory Screening and Complaint**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

**Complaint**

The Maricopa County Sheriff's Office and Maricopa County Sheriff Joseph M. Arpaio are named as Defendants in the Complaint.

Plaintiff alleges three grounds for relief in the Complaint: 1) Plaintiff's free speech and due process rights were violated when he was punished in retaliation for filing grievances; 2) conditions in the Jail are unsanitary, in violation of Plaintiff's right to be free from cruel and unusual punishment; and 3) the Jail is severely overcrowded in violation of Plaintiff's right to be free from cruel and unusual punishment.

1    These allegations adequately state a claim and the Court will require Defendant

2    Arpaio to answer the Complaint.

3    **Dismissal of Defendant Maricopa County Sheriff's Office**

4    Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the

5    responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See

6    A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative

7    creation of the county sheriff to allow him to carry out his statutory duties, and not a

8    "person" amenable to suit pursuant to § 1983.  Therefore, the Maricopa County Sheriff's

9    Office will be dismissed.

10    **Rule 41 Cautionary Notice**

11    Plaintiff should take notice that if he fails to timely comply with every provision of

12    this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

13    41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

14    61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

15    Court), cert. denied, 506 U.S. 915 (1992).

16    **IT IS THEREFORE ORDERED** as follows:

17    (1) Plaintiff's Application to Proceed In Forma Pauperis, filed with the Complaint, is

18    GRANTED;

19    (2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars

20    ($250.00) for this action.  Plaintiff will not be assessed an initial partial filing fee.  However,

21    Plaintiff will be OBLIGATED for monthly payments of twenty percent (20%) of the

22    preceding month's income credited to Plaintiff's trust account.  These payments will be

23    forwarded by the appropriate agency to the Clerk of the Court each time the amount in

24    Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C.

25    § 1915(b)(2).  All fees shall be collected and paid in accordance with this Court's Order to

26    the appropriate government agency filed concurrently herewith;

27    (3) Defendant Maricopa County Sheriff's Office is DISMISSED from this action;

28    (4) The Clerk of Court shall send Plaintiff a service packet including the Complaint

1 (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio;

2 (5)  Plaintiff shall complete and return the service packet to the Clerk of Court within

3 twenty (20) days of the date of filing of this Order.  The United States Marshal will not

4 provide service of process if Plaintiff fails to comply with this Order;

5 (6) If Plaintiff does not either obtain a waiver of service of the summons or complete

6 service of the Summons and Complaint on Defendant within one hundred twenty (120) days

7 of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever

8 is later, the action may be dismissed as to the Defendant not served pursuant to Rule 4(m)

9 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

10 (7)  The United States Marshal shall retain the Summons, a copy of the Complaint,

11 and a copy of this Order for future use;

12 (8)  The United States Marshal shall notify Defendant Arpaio of the commencement

13 of this action and request waiver of service of the summons pursuant to Rule 4(d) of the

14 Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.

15 The Marshal shall file waivers of service of the summons or requests for waivers that were

16 returned as undeliverable as soon as they are received.  If a waiver of service of summons

17 is not returned by Defendant within thirty (30) days from the date the request for waiver was

18 sent by the Marshal, the Marshal shall:

19 (a)  Personally serve copies of the Summons, Complaint (Doc. #1), and this Order

20 upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

21 (b)  Within ten (10) days after personal service is effected, file the return of

22 service for the Defendant, along with evidence of the attempt to secure a waiver of

23 service of the summons and of the costs subsequently incurred in effecting service

24 upon the Defendant.  The costs of service shall be enumerated on the return of service

25 form (USM-285) and shall include the costs incurred by the Marshal for photocopying

26 additional copies of the Summons, Complaint, or this Order and for preparing new

27 process receipt and return forms (USM-285), if required.  Costs of service will be

28 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(9) **If Defendant agrees to waive service of the Summons and Complaint, the Defendant shall return the signed waiver forms to the United States Marshal, not the Plaintiff;**

(10) Defendant Arpaio shall answer the Complaint (Doc. #1) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(13) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff; and

(14) This matter is referred to Magistrate Judge Charles R. Pyle pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

1    DATED this 19th day of April, 2006.

2

3

4    _____
        David G. Campbell
5        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28